UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONANCE M. JONES,<br><br>    Plaintiff,<br><br>v.<br><br>JIM THOMAS,<br><br>    Defendant. | Case No. 3:22-cv-00167<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

**REPORT AND RECOMMENDATION**

The docket in this action shows that pro se Plaintiff Tonance M. Jones has not effected service of process on Defendant Jim Thomas, who is the only defendant in this action. For the reasons that follow, the Magistrate Judge will recommend that the action be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**I.    Factual and Procedural Background**

Jones initiated this action on March 9, 2022, by filing a complaint alleging that Thomas violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634, by failing to promote her, retaliating against her, and subjecting her to unequal terms and conditions of employment at his business, Thomas and Company, because of her race and age. (Doc. No. 1.) Jones paid the Court's civil filing fee (Doc. No. 1-2) and, at Jones's request, the Clerk of Court issued a summons addressed to Thomas and Company (Doc. No. 4). The Court informed Jones that she "is responsible for effecting service of process on [Thomas] in accordance with Rule 4 of the Federal

Rules of Civil Procedure" and that "[f]ailure to timely complete service of process will result in dismissal of this action." (Doc. No. 5, PageID# 23.)

On July 8, 2022, the Court found that Jones had not effected service of process on Thomas within the time period provided in Rule 4(m) and ordered her to show cause by July 29, 2022, why the Magistrate Judge should not recommend that this action be dismissed under Rule 4(m) for Jones's failure to effect service of process on any defendant. (Doc. No. 6.) The Court warned Jones that failure to comply with the show-cause order would likely result in a recommendation that her claims be dismissed. (*Id.*) Jones has not responded.

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.    Analysis**

The Sixth Circuit recently held that district courts should consider the following seven factors in determining whether to extend the service period *sua sponte* where, as here, a plaintiff has not shown good cause to do so:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 569.

Three of these factors weigh in favor of granting an extension. There is no indication that Thomas would be unduly prejudiced by a further extension to allow him to be served. Examples of prejudice include "a defendant's inability to present a full and fair defense on the merits due to a loss of records, the death of a witness, or the unreliability of memories of long past events[.]" *Id.* at 571 (quoting *Nartron Corp. v. Borg Indak, Inc.*, 848 F. Supp. 2d 725, 748 (E.D. Mich. 2012)). The events at the center of Jones's claims are relatively recent; her complaint alleges that the discriminatory acts occurred in July and August 2020 and were ongoing at the time of filing. (Doc. No. 1). The ADEA and Title VII require plaintiffs to file discrimination charges with the Equal Employment Opportunity Commission (EEOC) before filing suit in federal court and provide that a plaintiff has 90 days from the date he or she receives a right-to-sue letter from the EEOC to file suit. 29 U.S.C. § 626(d), (e); 42 U.S.C. § 2000e-5(f)(1). Jones filed an EEOC charge on March 5, 2021, and the right-to-sue letter Jones attached to her complaint is dated December 10, 2021. (Doc. No. 1-1.)[1] Accordingly, Jones's claims would likely be time-barred if she reasserted them in a new action. Jones's pro se status also weighs in favor of an extension.

However, taken with the remaining factors, an extension of the Rule 4(m) deadline is not warranted here. An extension of time would be well beyond the 90-day time period for service

---

[1] Jones's ADEA claim may not be viable. In filing her charge of discrimination with the EEOC, Jones checked the boxes on the form indicating that she experienced discrimination based on her "race" and also experienced "retaliation," but did not check the box for discrimination based on "age[.]" (Doc. No. 1-1, PageID# 8.) The narrative section of her EEOC charge does not include facts that would suggest age discrimination. (Doc. No. 1-1.) A plaintiff usually cannot bring claims excluded from his or her EEOC charge or not reasonably expected to grow out of the EEOC's investigation of identified charges. *See Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

under Rule 4(m). Fed. R. Civ. P. 4(m). More than 200 days have passed since Jones initiated the action. (Doc. No. 1.) Beyond requesting a summons, there is no indication that Jones made a good faith effort to serve Thomas, and there is no indication that Thomas has actual notice of this lawsuit. Finally, the Court notified Jones that she was responsible for effecting service of process (Doc. No. 5) and provided her with an opportunity to explain why the Court should extend the time for her to do so rather than dismiss her claims (Doc. No. 6). Jones failed to respond to the Court's show-order cause and has not filed anything in this action since March 2022.

The fact that Jones appears pro se does not excuse her failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Jones has not effected service on Thomas in compliance with Rule 4 and this Court's orders despite ample time to do so, notice that failure to do so may result in dismissal, and an opportunity to show good cause to excuse her failure, dismissal without prejudice under Rule 4(m) is appropriate.

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 31st day of October, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge